UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BARRY WHITE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DR. RUANNE STAMPS, )<br>)<br>)<br>Defendant. ) | No. 2:19-CV-0014 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 1204610), an inmate at Moberly Correctional Center ("MCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $17.42. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $87.08. Accordingly, the Court will assess an initial partial filing fee of $17.42.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as the sole defendant in this action is Dr. Ruanne Stamps, who is employed by Corizon. She is named in both her individual and official capacities.

Plaintiff claims that he is suffering pain in his urinary tract. He asserts that Dr. Stamps is denying him treatment for the pain, and that he is also being denied treatment for prostate cancer. Plaintiff states that he is in need of a medicine called "urivarx" to help with urinary incontinence

and that he has also asked Dr. Stamps to have "artificial sphincter" replacement as a follow-up to his prostrate cancer. Plaintiff states that he is in constant pain and suffering that Dr. Stamps has not relieved with treatment.

Plaintiff seeks both damages and injunctive relief in this action.

**Discussion**

The Court will issue process on plaintiff's claims against Dr. Stamps in her individual capacity for a deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

However, plaintiff's official capacity claims against Dr. Ruanne Stamps must be dismissed. Naming an official in her official capacity is the equivalent of naming the entity that employs the official, in this case, Corizon. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against an official in her official capacity, plaintiff must allege that a policy or custom of her employer is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Corizon was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted against Dr. Stamps in her official capacity. As such, the Court will dismiss plaintiff's claim against defendant in her official capacity.

Finally, plaintiff has filed a motion for appointment of counsel. There is no constitutional or statutory right to appointed counsel in a civil case. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's

allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Although plaintiff has presented non-frivolous claims, the Court finds the facts and legal issues involved in his case are not so complicated that the appointment of counsel is warranted at this time. The Court will deny without prejudice plaintiff's motion to appoint counsel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $17.42 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Dr. Ruanne Stamps in her individual capacity by serving her through the waiver agreement maintained with Corizon.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Dr. Ruanne Stamps shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant Dr. Ruanne Stamps in her official capacity because, as to this claim, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's request for appointment of counsel [Doc. #4] is **DENIED at this time.**

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 19th day of July, 2019.

Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE